UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| QUINTIN JONES,<br><br>                    Plaintiff,<br><br>v.<br><br>HOME DEPOT CORP.,<br><br>                    Defendant. | Case No. 24-11832<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION
TO SUA SPONTE DISMISS THE CASE**

## I.  Introduction

Plaintiff Quintin Jones, proceeding pro se and in forma pauperis, sues Home Depot under 42 U.S.C. § 1983, alleging that its security wrongfully accused him of retail fraud.  ECF No. 1.  The Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 10.  The Court **RECOMMENDS** that the action be **DISMISSED SUA SPONTE**.

## II.  Background

Jones alleges that in November 2022, he "was acquitted on the charges of retail fraud under Michigan statute MCL 750.356(D)(4), after being wrongfully accused by the security of Home Depot." ECF No. 1, PageID.1. Jones then states that Home Depot violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights, and he seeks punitive and compensatory damages. *Id.*

### III. Analysis

#### A.

Jones was granted leave to proceed without prepayment of the filing fee for this action due to his indigence. ECF No. 5. Under 28 U.S.C. § 1915(e)(2)(B), the Court must screen suits when the plaintiff is proceeding in forma pauperis and dismiss the action sua sponte if it fails to state a claim, is frivolous, or seeks monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

To state a claim under § 1983, a plaintiff must allege (1) a violation of an existing constitutional right, and (2) that the violation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436

U.S. 149, 155 (1978). Because Home Depot is a private company, Jones needed to plead facts showing that the actions of Home Depot were "fairly attributable to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). "This circuit has recognized as many as four tests to aid courts in determining whether challenged conduct is fairly attributable to the State: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test." *Marie v. Am. Red Cross,* 771 F.3d 344, 362 (6th Cir. 2014). But all the tests "boil down to a core question: whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 676 (6th Cir. 2018) (cleaned up). A plaintiff must allege plausible facts that give rise to an inference of state action. *Marie,* 771 F.3d at 362.

Jones's allegations fall short. He alleges only that Home Depot's security "wrongfully accused" him and that he "was acquitted on the charges of retail fraud" under a Michigan statute. ECF No. 1, PageID.1. Jones does not allege that Home Depot was a state actor or explain how its actions were "fairly attributable to the state." *See Wolotsky*, 960 F.2d at 1335.

Because Home Depot is not a state actor, Jones's complaint against it should be dismissed sua sponte.

## IV. Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED SUA SPONTE.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 20, 2024

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 20, 2024.

s/Donald Peruski
DONALD PERUSKI
Case Manager
